■ JOANNE BUCK et al., Plaintiffs, v MATILDA PRATT, Defendant and Third-Party Plaintiff-Appellant. ANNETTE F. RACANIELLO, Third-Party Defendant-Respondent. [641 NYS2d 729] —In an action to recover damages for personal injuries, etc., the third-party plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (D'Emilio, J.), dated March 28, 1995, as granted the branch of the third-party defendant's motion which was for summary judgment dismissing the second cause of action of the third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted the branch of the respondent's motion which was for summary judgment dismissing the second cause of action of the third-party complaint. We note that the only issues raised on the appeal concern the second cause of action, in which the appellant alleged that the respondent negligently instructed an unqualified employee to check on her status. The first cause of action, sounding in medical malpractice, was withdrawn, and the dismissal of the third and fourth causes of action for contribution and indemnification is not contested on appeal.

We agree with the Supreme Court that the evidence submitted by the respondent on her motion for summary judgment was sufficient to defeat the claims made in the second cause of action, and the appellant failed to present proof in admissible form sufficient to establish a triable issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557). The affirmation of the

appellant's attorney was without evidentiary value *(see, Zuckerman v City of New York, supra),* and the other proof offered failed to establish that the subject employee was acting under the respondent's instructions. Accordingly, the second cause of action was properly dismissed.

We have considered the appellant's remaining contention and find it to be without merit. Miller, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.